UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEXTA MARINE S.A.,<br><br>      Plaintiff,<br><br>  -against-<br><br>TOTAL SPECIALTIES USA, INC., O'ROURKE MARINE SERVICES LP, LLP, O.W. BUNKER USA INC., O.W. BUNKER MALTA LTD., O.W. BUNKER & TRADING A/S and ING BANK N.V.,<br><br>      Defendants. | **COMPLAINT FOR INTERPLEADER** |

Plaintiff, Sexta Marine S.A., by its attorneys, Lennon, Murphy & Phillips, LLC, as and for its Complaint for Interpleader pursuant to 28 U.S.C. §§1335 and 2361 against Total Specialties USA, Inc., O'Rourke Marine Services LP, LLP, O.W. Bunker USA, Inc., O.W. Bunker Malta Ltd., OW Bunker & Trading A/S and ING Bank N.V. respectfully alleges upon information and belief as follows:

## THE PARTIES

1. Plaintiff, Sexta Marine S.A. ("Plaintiff" or "Sexta"), is an entity organized and existing under the laws of a foreign country with an office care address at 7 Spartis Street, Kifisia, 145 63 Athens, Greece.

2. Defendant Total Specialties USA, Inc. ("Total") is an entity organized and existing under the laws of a foreign country with an office at 1201 Louisiana Street, Houston, Texas 77002.

3. Defendant O'Rourke Marine Services LP, LLP ("OMS") is an entity organized and existing under the laws of Texas with an office at 223 McCarty Dr., Houston, Texas 77029.

4. Defendant O.W. Bunker USA, Inc. ("OW USA") is an entity organized and existing under the laws of Texas with its principal place of business at 2603 Augusta Dr. Suite 440, Houston, Texas 77057.

5. Defendant O.W. Bunker Malta Ltd. ("OW Malta") is an entity organized and existing under the laws of a foreign country with a registered office at 18/2 South Street, Valetta, VLT 1102, Malta and a commercial office at A. Laskou 12 & Akti Themistokleous 20, Freattyda Square, GR-18S 36 Piraeus, Greece.

6. Defendant O.W. Bunker & Trading A/S ("OWBT") is an entity organized and existing under the laws of a foreign country with an office at Stigsborgvej 60, DK-9400 Noerresnby, Denmark.

7. Defendant ING Bank N.V. ("ING") is an entity organized and existing under the laws of a foreign country with its principal place of business at Amsterdam Poort, 888, 1102 MG Amsterdam, The Netherlands, and does business in this jurisdiction.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333, and this action involves competing claims to the payment for marine bunkers provided to an ocean going vessel owned and/or operated by Plaintiff.

9. This Court also has jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335 in that:

    a) at least two of the claimants are of diverse citizenship;

    b) the dispute between the claimants involves funds in an amount exceeding $500.00, exclusive of interest and costs; and

    c) Plaintiff is the stakeholder of the funds and will deposit into the Court's Registry the principal sum of at $161,926.07, which is the amount invoiced for fuel delivered to the Vessel on September 16, 2014. Additionally, Plaintiff will deposit an interest component to the principal sum in the amount of $9,715.57, representing interest at 6% for one year, for a total deposit of $171,641.63, as required by §1335.

10. This Court has personal jurisdiction over Defendants, Total, OMS and OW USA pursuant to 28 U.S.C. § 2361 and Rule 4(k) of the Federal Rules of Civil Procedure. Additionally, this Court has jurisdiction over Total, OMS and OW USA pursuant to the OW Bunker Group Terms and Conditions of sale for Marine Bunkers ("OW Terms and Conditions").

11. This Court has personal jurisdiction over Defendant OW Malta and OWBT pursuant to the OW Terms and Conditions. Additionally, this Court has jurisdiction pursuant to Fed. R. Civ. P. 4(k) because OW Malta and OWBT continuously and systematically conduct and/or transact business in the United States relating to the supply of marine bunker fuels to ocean going vessels.

12. This Court has personal jurisdiction over ING on the basis that:

    a) ING transacts business within the United States, maintaining an address in the United States for service of process;

    b) ING has asserted rights of and/or as agent for OW USA and OW Malta pursuant to powers granted in an English Omnibus Security Agreement, dated December 19, 20l3, between and among said entities (as Chargors) and ING; and/or

c) Alternatively, this Court has personal jurisdiction over ING pursuant to New York CPLR § 301 as ING is engaged in continuous and systematic business within the State of New York through its New York subsidiary at 1325 Avenue of the Americas, New York, New York 10019.

13. Venue is proper in this District under 28 U.S.C. § 1397 and/or the OW Terms and Conditions.

## FACTUAL BACKGROUND

14. Plaintiff is the owner/operator of the M/V SEXTA and had all obligations with respect to the purchase and payment of marine bunker fuel for the Vessel.

15. On or about September 16, 2014, by and through the Vessel's manager, Medlink Management SA, Plaintiff contracted with OW Malta for the supply of marine bunker fuels to the Vessel at the port of Beaumont, Texas. A copy of the Sales Order Confirmation and OW Terms and Conditions is annexed hereto as **Exhibit 1**.

16. On information and belief, OW Malta engaged OW USA and/or OWBT to coordinate the physical supply of the marine bunker fuels to the Vessel at Beaumont.

17. On information and belief, OW USA and/or OWBT contracted with Total and OMS to physically supply the marine bunker fuels to the Vessel at Beaumont.

18. Total and OMS supplied the marine bunker fuels to the Vessel at Beaumont. A copy of the Bunker Delivery Notes issued by Total and OMS are annexed hereto as **Exhibit 2**.

19. In respect of the marine bunker fuels supplied to the Vessel at Beaumont, OW Malta issued an invoice to Plaintiff in the sum of $161,926.07; the invoice is annexed hereto as **Exhibit 3**.

20. On information and belief, assumed payments (hereinafter "Assumed Payments") were made:

    a) on or about October 17, 2014, by OW Bunker & Trading A/S to OMS in the sum of $21,786.40 on behalf of OW Malta and/or OW USA for the bunkers supplied by OMS to the Vessel at Beaumont; and

    b) on or about October 22, 2014, by OW Bunker & Trading A/S to Total in the sum of $131,579.30 on behalf of OW Malta and/or OW USA for the bunkers supplied by Total to the Vessel at Beaumont.

21. On November 7, 2014, OW Bunker & Trading A/S filed for bankruptcy in Denmark.

22. On November 13, 2014, OW USA filed for bankruptcy protection in the United States Bankruptcy Court for the District of Connecticut.

23. On information and belief, the assumed payments made to Total and OMS by OW Bunker & Trading A/S on behalf of OW Malta and/or OW USA were made within the 90 day bankruptcy "preference" period and are subject to being reclaimed.

24. Since November 12, 2014, Plaintiff has received from ING demands for payment in respect of the marine bunker fuels supplied to the Vessel at Beaumont. ING has threatened to arrest the Vessel to secure payment. **See Exhibit 4.**

25. Plaintiff has made good faith efforts to confirm that Total and OMS, as physical suppliers of the marine bunker fuels to the Vessel, have been paid and will not seek to assert a maritime lien against the Vessel.

26. Neither Total nor OMS has confirmed receipt of payment or that they will not seek in the future to exercise a maritime lien against the Vessel for the bunkers they supplied to the Vessel at Beaumont.

27. Plaintiff has made no payment with respect to the supply of marine bunker fuels to the Vessel at Beaumont, and competing have or may be made against Plaintiff and/or the Vessel by the Defendants.

### CAUSE OF ACTION - INTERPLEADER

28. Plaintiff repeats and realleges each and every allegation set forth above in paragraphs 1-27, inclusive, as if fully set forth at length herein.

29. There are various competing interests for the amounts due and owing by Plaintiff for the marine bunker fuels supplied to the M/V SEXTA at Beaumont, including but not limited to potential claims by:

   a) Total and OMS asserting a maritime lien against the Vessel by virtue of their having physically supplied marine bunker fuels to the Vessel;

   b) OW Malta by virtue of having contracted to supply marine bunker fuels to the Vessel;

   c) OW USA by virtue of having contracted to supply marine bunker fuels to the Vessel;

   d) OWBT by virtue of having made the Assumed Payments for the marine fuels supplied to the Vessel; and

   e) ING as assignee of the rights of OW US and/or OW Malta and/or OWBT under the English Omnibus Security Agreement.

30. Plaintiff is unsure of which party to pay for the marine bunker fuels supplied to the Vessel at Beaumont and accordingly has not made payment to any party.

31. Based on the foregoing, Plaintiff, a disinterested stakeholder, has been and/or will be subject to multiple claims for payment for the marine bunker fuels supplied to the Vessel at Beaumont, and the interests of the Defendants in the property subject to this interpleader are adverse as there is a genuine dispute as to which entity is entitled to payment from Plaintiff.

32. Plaintiff has a well-founded and reasonable fear of multiple liabilities because of the adverse claims including, but not limited to, the threat of *in rem* seizure/arrest the Vessel or other property owned by Plaintiff.

33. In accordance with 28 U.S.C. § 1335(a)(1) and 28 U.S.C. § 2361, Plaintiff will deposit funds in the Court's registry ("Disputed Funds") securing the indebtedness to the appropriate party or parties (once determined by the Court), and is therefore entitled to relief in the form of:

   a) an order compelling any and all claimants, including Defendants, to file in this proceeding their claims for payment for the marine bunker fuels supplied to the Vessel at Beaumont;

   b) an order in accordance with 28 U.S.C. § 1335(a)(1) and § 2361, precluding the commencement of or continuation of any action or proceeding anywhere to recover payment relating to the supply of the marine bunker fuels to the Vessel at Beaumont, including but not limited to seizure, arrest, attachment or other restraint of the Vessel or any other property owned or operated by Plaintiff; and

    c) an order determining the party or parties to which payment should be made and discharging Plaintiff, from any liability after payment from the Disputed Funds deposited in the Court's registry is effected to the party or parties so designated by the Court to receive the payment for the supply of marine bunker fuels to the Vessel at Beaumont.

WHEREFORE, Plaintiff respectfully prays that the Court enter and Order:

1. Directing Plaintiff to deposit the Disputed Funds into the Court's registry;

2. Upon Plaintiffs deposit of the Disputed Funds into the Court's registry, releasing and discharging Plaintiff from any and all liability to any Defendant and any other interested persons and all those claiming through or acting with them, or claiming any interest, beneficial or legal, through such party or through others in the Disputed Funds;

3. Upon Plaintiffs deposit of the Disputed Funds into the Court's registry, releasing and discharging the Vessel from any and all liability to any defendant and any other interested persons and all those claiming through or acting with them, or claiming any interest, beneficial or legal, through such party or through others in the Disputed Funds;

4. Requiring all parties and all other individual or entities claiming a right to the Disputed Funds to appear and assert their respective claims to such Disputed Funds, if any;

5. Enjoining all parties and all other interested persons from instituting or pursuing any proceedings in any court, federal or state, domestic or foreign, against Plaintiff for the

recovery of such Disputed Funds, on account of any party's purported claims or rights to such Disputed Funds;

6. Enjoining all parties and all interested persons from instituting or pursuing any proceedings in any court, federal or state, domestic or foreign, affecting the property and res involved in this action of interpleader, including but not limited to the arrest or attachment of the Vessel or any sister ship or associated ship, pursuant to Supplemental Admiralty Rule C, or other *in rem* or *quasi in rem* proceeding, to enforce any maritime and/or maritime lien claims until the further order of the Court; and

7. Granting Plaintiff such other and further relief, at law or in equity, as may be just, including but not limited to its costs and reasonable attorneys' fees in this action.

Dated: September 16, 2015

                                        The Plaintiff,
                                        SEXTA MARINE S.A.

By:_____
Patrick F. Lennon
Anne C. LeVasseur
LENNON MURPHY & PHILLIPS LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050
(212) 490-6070 fax
pfl@lmplaw.net
acl@lmplaw.net